UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terry S., <br><br> Plaintiff, <br><br> v. <br><br> Commissioner of Social Security, <br><br> Defendant. | Case No.: 23-cv-0682-DEB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> **[DKT. NO. 9]** |

**I.   INTRODUCTION**

Plaintiff Terry S. seeks judicial review of the Commissioner of Social Security's denial of his application for disability benefits. Dkt. No. 1.[1] Plaintiff filed a Motion for Summary Judgment that Defendant opposes. Dkt. Nos. 9, 11. Plaintiff did not file a reply.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 9) and **REMANDS** this action for further proceedings consistent with this Order.

//
//
//

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

1

## II.   PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits alleging an amended disability onset date of November 20, 2019. AR 16.[2] The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.* Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 13–26. The Appeals Council denied Plaintiff's request for review (AR 1–7), and this case followed (Dkt. No. 1).

## III.   SUMMARY OF THE ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. 20 C.F.R. § 404.1520.

At step one, the ALJ found Plaintiff had "not engage[d] in substantial gainful activity since November 20, 2019, the amended alleged onset date . . . ." AR 19.

At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and partial rotator cuff ligament tear, right shoulder, with split tearing of right bicep long head tendon. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> [Plaintiff can] frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch or crawl; frequently reach and push or pull with upper extremities bilaterally, except only occasional overhead direction reaching or pushing and pulling with the right upper extremity.

---

[2] "AR" refers to the Administrative Record lodged on June 16, 2023. Dkt. No. 5. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

*Id*.

At step four, the ALJ found Plaintiff could perform his past relevant work as a home attendant/caregiver as generally performed in the national economy. AR 25. The ALJ, therefore, concluded Plaintiff was not under a disability since November 20, 2019. AR 26.

## IV.   STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Furthermore, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' . . . .") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V.   DISCUSSION

Plaintiff argues the ALJ's decision failed to properly evaluate the medical opinions of all examining physicians. Dkt. No. 9 at 4, 16. Relatedly, Plaintiff argues the decision relied on the ALJ's own lay opinion to formulate the RFC. *Id.* Plaintiff, therefore, argues the RFC is not supported by substantial evidence. *Id.* at 4. In response, the Commissioner

asserts the ALJ properly considered the medical opinion evidence and did not reject all medical opinions and assessments. Dkt. No. 11 at 4–10. Because the Court finds the ALJ's decision erred in its evaluation of the medical opinions supporting lifting limitations more restrictive than medium work, and this error affected the non-disability determination, it remands for further proceedings.

### A. Legal Standards

The RFC is "the most [the plaintiff] can still do despite [his] limitations . . . [and] is based on all relevant evidence in [the] case record" rather than a single medical opinion or piece of evidence. 20 C.F.R. § 404.1545(a)(1); *see also id.* § 404.1545(a)(3). The RFC must be supported by substantial evidence. *Bayliss*, 427 F.3d at 1217 ("We will affirm the ALJ's determination of [the] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.").

In formulating the RFC, the ALJ must weigh medical records, medical opinions, and the claimant's symptom testimony. *See* 20 C.F.R. § 404.1545(a)(3). The ALJ—not a medical provider—is responsible for formulating the RFC. *Id.* § 404.1546(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.") (citation omitted). But the ALJ "may not rely on his own unsupported interpretation of the medical evidence." *Peter B. v. Comm'r, Soc. Sec. Admin.*, No. 1:21-cv-0437-YY, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (quoting *Davis v. Colvin*, No. 3:15-cv-0843-SI, 2016 WL 8674265, at *8 (D. Or. Aug. 12, 2016)). Rather, "[t]he ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted).

The ALJ "need not take every medical opinion at 'face value.'" *Cross v. O'Malley*, 89 F.4th 1211, 1213 (9th Cir. 2024) (quoting *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)). The ALJ must, however, evaluate the persuasiveness of all medical opinions, including both their supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a

medical source's medical opinions or prior administrative medical findings in your determination or decision."); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.") (internal citations omitted). Supportability is "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 404.1520c(c)(1)). Consistency "means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)). The ALJ's persuasiveness findings must be "supported by substantial evidence." *Id.*

### B. Analysis

The ALJ's RFC found Plaintiff capable of performing medium work (i.e., lifting 50 pounds occasionally and 25 pounds frequently, 20 C.F.R. § 404.1567(c)) with additional limitations. AR 19.[3]

Non-examining state agency consultant G. Spellman, M.D. is the only doctor who opined Plaintiff can perform medium work.[4] Other medical providers opined Plaintiff is limited to sedentary or light work. Daniel Brereton, D.O. opined Plaintiff is limited to

---

[3] "To determine the physical exertion requirements of a work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy." 20 C.F.R. § 404.1567. As relevant here, medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id.* § 404.1567(c). "In general, light work 'requires . . . frequent lifting or carrying of objects weighing up to 10 pounds' but 'no more than 20 pounds at a time.'" *Woods*, 32 F.4th at 793 (quoting 20 C.F.R. § 404.1567(b)). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a).

[4] T. Do, M.D. found no severe impairment, but the ALJ found that opinion "not persuasive as the record documents sufficient clinical signs and symptoms to establish the above-discussed severe impairments." AR 22.

lifting up to 10 pounds. AR 24, 865. Walter Dugger, M.D. opined Plaintiff could lift up to 10 pounds occasionally. AR 24, 448. Nowelle Gaid, PA-C reached the same conclusion as Dr. Dugger. AR 24, 891.[5] Norman Kane, M.D. opined Plaintiff is limited to lifting and carrying only 10 pounds occasionally and less than 10 pounds frequently. AR 24, 1194. Consultative examiner Juliane Tran, M.D. opined Plaintiff is limited to lifting 20 pounds occasionally and 10 pounds frequently. AR 23, 1087.

The ALJ's decision found Dr. Spellman's medium work limitation persuasive and the other medical providers' more restrictive sedentary and light limitations not persuasive. AR 22–24.[6] In reaching this decision, the ALJ placed great weight on: (1) Plaintiff's return to part-time work; and (2) Plaintiff's activities of daily living. The Court finds the decision's reliance on both is misplaced and erroneous.

### 1. Return to Part-Time Work

The ALJ's decision found the sedentary or light work restrictions supported by Drs. Kane, Gaid, Dugger, and Brereton unpersuasive, in part, because they are inconsistent with Plaintiff's return to part-time work as a caregiver. AR 23–24. The ALJ's decision characterized this as the "most important[]" fact in rejecting their opinions. AR 24 ("Most importantly, the claimant has been able to work on a part-time basis as a caregiver, which is consistent with a much greater lifting and carrying capacity.").

Although the ALJ's decision correctly noted Plaintiff's return to part-time work, it either overlooked or misconstrued the work performed. At the ALJ hearing, Plaintiff testified he only completed "two transfers per day and that's with electronic assistance, you

---

[5] Although the ALJ's decision identifies Nowelle Gaid as a medical doctor, the record identifies her as a certified physician's assistant. *Compare* AR 24 *with* AR 489. The Court refers to Ms. Gaid as Dr. Gaid in line with the ALJ's decision.

[6] With respect to Drs. Brereton, Dugger, and Gaid, the ALJ's decision noted their opinions were rendered in a worker's compensation case and, therefore, do not constitute medical opinions under the Social Security Administration's ("SSA") regulations. AR 24. The decision, however, also evaluated these doctors' opinions under the SSA's regulations and found them unpersuasive. *Id.*

know, with the lifting chair and the various apparatus that they have within private residences to get the loved one from the chair to the wheelchair." AR 58; *see also id.* ("I don't really have to do much, just kind of have to guide and nothing like before when I was working 16 hours a day and doing many transfers throughout the day."). Thus, as described by Plaintiff, his return to part-time work involved little or no lifting.

Plaintiff's return to part-time work neither establishes Plaintiff can lift 25 pounds frequently and 50 pounds occasionally (as Dr. Spellman opined and the ALJ found), nor is it inconsistent with the 10-pound lifting restrictions (opined by Drs. Kane, Gaid, Dugger, and Brereton). The ALJ's decision also neither acknowledges nor attempts to reconcile this discrepancy. This is error. *See David C. v. Comm'r of Soc. Sec.,* No. 23-cv-0655-WQH-MMP, 2024 WL 3596856, at *11 (S.D. Cal. July 31, 2024), *report and recommendation adopted*, No. 23-cv-0655-WQH-MMP, 2024 WL 4184086 (S.D. Cal. Aug. 16, 2024) (finding harmful error where the ALJ did not accurately characterize the plaintiff's activities and, "even assuming the ALJ's characterization of Plaintiff's activities was accurate, the ALJ did not explain how the identified activities were inconsistent with [the doctor's] opined . . . limitation . . . .").

### 2. Activities of Daily Living

In rejecting sedentary and light work restrictions and finding Plaintiff capable of medium work, the ALJ's decision also placed great weight on Plaintiff's activities of daily living ("ADLs"). AR 23 ("The claimant's activities of daily living, as discussed above, are also consistent with medium level work."); AR 24 (Dr. Kane's "opinion that the claimant can only lift less than 10 pounds frequently and 10 pounds occasionally, however, is over-restrictive and not persuasive given . . . the claimant's activities of daily living . . . ."); *id.* ("The claimant's activities of daily living, which include light household chores, driving, and meal preparation demonstrate greater exertional capacity [than the 10-pound lifting restriction]."); *id.* ("The claimant's independent activities of daily living . . . demonstrate the ability to perform work with the above [medium work] residual functional capacity.").

The specific ADLs the ALJ relied upon in finding Plaintiff capable of medium work are Plaintiff's ability to dress, bathe, shower, do laundry, prepare meals, wash dishes, drive, and grocery shop. AR 21 ("The claimant's allegations of significant limitations are not borne out in his description of his personal activities. He is able to perform personal hygiene, including dressing his upper body, bath[ing], shower[ing]. He is able to do laundry, prepare meals, wash dishes. He can drive and go grocery shop."); AR 24 ("The claimant's activities of daily living, which include light household chores, driving, and meal preparation demonstrate greater exertional capacity [than the 10-pound lifting restriction].").

The ALJ's decision, however, does not explain how these ADLs establish Plaintiff can perform medium work (i.e., lifting 25 pounds frequently and 50 pounds occasionally) or are inconsistent with sedentary and light work. As normally performed, none require lifting 25 to 50 pounds, even occasionally. The cited ADLs, therefore, do not constitute substantial evidence establishing Plaintiff is capable of medium work, and the decision's failure to explain how the ADLs establish Plaintiff can perform medium work (and are inconsistent with light and/or sedentary work restrictions) is error. *See Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."); *Cline v. Comm'r of Soc. Sec. Admin.,* No. CV-23-00236-PHX-DLR, 2024 WL 4262782, at *3 (D. Ariz. Sept. 23, 2024) (finding error where "[t]he ALJ did not properly articulate his reasoning when partially rejecting [the doctor's] opinion because of [the plaintiff's] acknowledged activity level").

### 3. <u>Harmless Error</u>

Having found error, the Court next considers whether it is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that

no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56.

The ALJ's error in evaluating the medical opinion evidence affected the RFC. Had the ALJ considered the probative value of Plaintiff's ADLs and return to part-time work when evaluating the medical opinions, the ALJ may have included additional limitations in Plaintiff's RFC, including limiting Plaintiff to sedentary work. Yet the hypotheticals the ALJ posed to the vocational expert ("VE") posed only medium and light work restrictions. *See* AR 72 ("I want to assume this person would be capable of medium exertion work . . . ."); AR 73 ("If I brought the whole profile down to light [work]. . . ."). Considering this error, the RFC and "the resulting hypotheticals proposed to the VE were necessarily incomplete, and therefore invalid." *Kimberly K. v. Commissioner, Social Security Administration*, No. 6:23-cv-0408-HL, 2024 WL 4224860, at *14 (D. Or. Sept. 18, 2024) (citing *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988)); *see also Hill*, 698 F.3d at 1161 (finding the ALJ's RFC determination incomplete where "the ALJ improperly ignored or discounted significant and probative evidence in the record favorable to [the plaintiff's] position—including [a medical] opinion . . ."). On this record, therefore, the Court cannot find the ALJ's errors are harmless.[7]

### 4. Remanding for Further Proceedings

Plaintiff moves to remand for further proceedings. Dkt. No. 9 at 22. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within

---

[7] On remand, the ALJ must evaluate all medical opinions in line with the regulations, including those in the record (e.g., Drs. Khatchatrian and Lane) but not discussed in the ALJ's decision. *See* 20 C.F.R. § 404.1520c(b) (An ALJ must "evaluate every medical opinion" received.); 20 C.F.R. § 404.1513(a)(2) (A medical opinion is "a statement from a medical source about what [Plaintiff] can still do despite [Plaintiff's] impairment(s) and whether [Plaintiff has] one or more impairment-related limitations or restrictions . . ."); *Woods*, 32 F.4th at 792 (alterations in original) (citations omitted) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.").

the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (alteration in original)). Because a properly formulated RFC might support a conclusion that Plaintiff was not disabled, a remand for further proceedings is appropriate here. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, so it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits").

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 9). The Clerk of Court shall enter judgment accordingly.

The Court **REMANDS** to the Commissioner for further consideration and development of the record in accordance with this Order.

**IT IS SO ORDERED.**

Dated:  September 30, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge